Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
MANNING LAW, APC
20062 SW Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff


Stephen J. Mooney
South Coast Law Firm
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Phone:  949-453-0310
Email:  Steve.Mooney@yahoo.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALEED ISKANDAR MADAIN, an individual; SURINDER S. MULTANI, an individual; AMARPREET K. MULTANI, an individual; and DOES 1-10, inclusive,<br>Defendants. | Case  No. 8:19-cv-01781-DOC-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  December 5, 2019<br>Time: 10:00 a.m.<br><br>Hon. David O. Carter |

Plaintiff  James Rutherford ("Plaintiff") and Defendants Waleed Iskandar,

Surinder S. Multani and Amarpreet K. Multani ("Defendants") respectfully submits this

**JOINT RULE 26(f) REPORT**

Joint Rule 26(f) Scheduling Report ("the Report" pursuant to Federal Rules of Civil Procedure Rule 26(f) Scheduling Report.

**1.     Factual Summary of The Case And Of Claims And Defenses**

<u>Plaintiff:</u>

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting in addition to twisting, turning, and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices, including, at times a wheelchair, to ambulate.  At the time of Plaintiff's visits to Defendants' property and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' Property, even though he would be classified as a "bona fide patron."

Defendants Waleed Iskander Madain, Surinder S. Multani and Amarpreet K. Multani own the subject property, located at 2658 N. Santiago Blvd., Orange, California 92867 (the "Property"). Defendant Amarpreet K. Multani own, operate and control the business located on the Property, Marri's Pizza Italian Restaurant (the "Business").  The Business is a place of public accommodation, in that it is a facility open to the public, and a business establishment.

During his visit, Plaintiff personally encountered several architectural barriers: The Business provides parking spaces but there is no accessible parking space conforming to

the ADA Standards for Accessible Design ("ADAAG").  The barriers Plaintiff encountered are:

- The curb ramp providing access to the main entrance projects into the parking space access aisle in violation of Section 406.5 (curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles);

- The slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 10% in violation of Section 406.3 which requires that the slope does not exceed 10%; access aisles shall be at the same level as the parking spaces they serve (changes in level are not permitted. Here, the curb ramp at the accessible parking space access aisle has created slopes and cross slopes exceeding the maximum allowed of 2%);

- There is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site (here, the accessible route from the parking to the entrance is obstructed by a pathway which has been severely damaged and worn away creating a hazard for anyone with a mobility disability);

- In the restroom of the Business, the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum per Section 609.3 (here, the paper seat cover dispenser is blocking safe access to the side grab bar); and the water supply and drain pipes under the sink are not insulated or otherwise configured to protect against contact as required by Section 606.5.

Plaintiff alleges Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act.  In addition to injunctive relief,

**JOINT RULE 26(f) REPORT**

Plaintiff seeks an award of damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Business and Property on or about November 18, 2018 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

<u>Defendants:</u>

<u>Waleed Iskandar Madain</u>

Plaintiff is incorrect to name Waleed Iskandar Madain ("Madain") as an owner of the subject property located at 2658 N. Santiago Blvd., Orange California. Madain leases the property, Marri's Pizza Italian Restaurant (the "Business"), from Surinder S. Multani and Amapreet K. Multani. Madain is responsible for the four corners of the Business. Madain has no responsibility for the parking lot spaces outside of the Business.

Plaintiff first filed a case for the same operative facts in this court on 8/2/19, case number 8:19-cv-01472-DOC-KES. That case was dismissed for lack of prosecution. When defendant Surinder S. Multani, a.k.a, Sunny, informed counsel, Mooney about that case, Mooney called Mr. Cote, assigned counsel at the Manning Law firm for plaintiff.

Several telephone conversations were exchanged by counsel in good faith negotiations. Sunny is in charge of the outside property and his businesses. Madain is the lessee of Marri's Pizza and not responsible for the property except within his Business.

All of Madain's tables and chairs inside the Business are easily moved. None of them are attached to the floor. The path to the restroom which is off to the right of the entrance past the tables and counter can be passed if Mr. Rutherford had asked anyone present in the business during his visit that he had a problem passing. However, he did not ask.

In the bathroom, there may have been obstacles present that prevented him from utilizing the facilities if he has a disability as alleged. However, due to the conversations between Mr. Cote and Mooney, Mooney explained to Madain about the issues in the restroom.

**JOINT RULE 26(f) REPORT**

Madain consulted with a contractor and thereafter, all of the obstacles were corrected and are non-existent at the time Mr. Rutherford filed his second complaint. Mr. Madain was very concerned and horrified that someone came into his place of business and felt unwelcome or had a hardship. To Mr. Madain, his place of business is just like his own family's home. He wants to be sure everyone feels welcome and that he is complying with all laws of the city of Orange, the State of California and the United States of America.

When Madain obtained his permit to operate the business, which took some time due to the city's requirements, he thought, perhaps justifiably, he was in compliance with all laws-not just the city of Orange's laws.

Mr. Madain wants to resolve this case and has made an offer he can barely afford. The demands for settlement made by plaintiff are more than he can afford.

Sunny and Amapreet K. Multani  ("Preet") are husband and wife. Sunny runs the business property as a lessor. Preet owns the commercial property with Sunny by virtue of their marriage. Preet has nothing to do with running the day to day operations of the property as a lessor; nor does she have any responsibility operating Marri's Pizza, its day to day operations and is not an owner of it.  Neither does Sunny.

Therefore, Sunny and Preet should be dismissed as defendants with respect to the alleged violations inside Marri's Pizza.

<u>Sunny and Preet</u>

When Sunny learned of the first lawsuit, it was by virtue of his daughter being served by substitute service at their home. Sunny hides in plain sight at the business property every day. He could have been served there so his daughter would not be the first to know about that lawsuit and perhaps think her mother and father were lawbreakers. Sunny informed Madain. Madain was never formally served.

-5-

**JOINT RULE 26(f) REPORT**

Sunny had a contractor check the parking lot to see if he was in compliance with the ADA and UCRA. The contractor informed him that he was in compliance. There was access by persons with mobility disabilities to Marri's Pizza. Thus, he thinks there is no reason for Mr. Rutherford to sue him. In fact, the only evidence provided to Mooney so that he could evaluate the case was a picture of the disabled persons' parking spot. No measurements or expert report was made. The case was made by sight only.

On a side note, but one that is pragmatic to this factual situation, it is difficult for an attorney to counsel one's clients when evidence, that is foundationally questionable and unsubstantiated at the outset of the case, is all he has with which to advise his clients. The alternative to settlement is very, very expensive and of a value that is more than the initial settlement demand?  That is quite a dilemma for this counsel and for many others similarly situated one would expect. What is an attorney to do when he wants to limit his clients' exposure but the plaintiff purposefully appears to withhold evidence in order to incur more attorney fees and costs that down the line will cost the defendants more money-if they question the plaintiff's case and/or motives through costly discovery?

Sunny has been working with the city of Orange for over two years on obtaining a permit to improve the commercial property to add an additional business and re-vamp the property. Included in the improvement will be compliance with all laws, including ADA and UCRA. The plans for the improvement are very close to approval. Further, when the first case was brought to Sunny's attention, he took matters into his own hands to make sure everyone that has limiting major life activity will be able to come onto the premises and enjoy themselves to the fullest extent possible. He, too, felt horrible that Mr. Rutherford might have had a bad experience on his property.

**2.      Principal Issues In The Case**

Plaintiff:

**JOINT RULE 26(f) REPORT**

The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

Defendants:

Madain

Madain has already removed all barriers prior to this lawsuit's filing. If all barriers have been removed prior to plaintiff filing this lawsuit in federal court, it should be dismissed because injunctive relief is unnecessary. Damages, if any, are the province of the jurisdiction of California state courts under UCRA. Thus the case should be removed. Plaintiff should have investigated that fact prior to this lawsuit being filed. Attorney fees should be denied.

Sunny and Preet

The disabled parking spot in front of Marri's Pizza complies with ADA and UCRA regulations. The issue should have been investigated by Mr. Rutherford before filing this lawsuit and not be a matter of speculation now. By failing to investigate to a reasonable certainty that a parking lot violation occurred is irresponsible and is designed to costs defense more costs and attorney fees to defend the case. Further, he was able to ambulate from the parking lot into Marri's despite the alleged violations of ADA and UCRA. When he went inside Marri's, he was able to ambulate to the destination despite the alleged violations of access.

In summary (1) Madain is not responsible for the alleged parking lot violations, and Sunny and Preet are not responsible for the alleged access violations inside Marri's Pizza; (2) Plaintiff is not entitled to injunctive relief regarding Marri's Pizza because (a) Madain has eliminated all obstacles for which plaintiff seeks injunctive relief and (b) Sunny and Preet are improper parties for that relief; and (3) Madain is not responsible

for any alleged parking lot violations so he is not responsible for alleged denials of equal access regarding the parking lot issue. Further, he has already remedied the restroom allegations that comply with ADA and UCRA. Access is compliant in all respects inside the restaurant area of his facilities.

Secondly, Sunny and Preet are not responsible for the interior of Marri's Pizza. With respect to the parking spot allocated to mobility-limited persons such as Mr. Rutherford, they believe Mr. Rutherford is mistaken that he suffered an injury that gives rise to an ADA and/or UCRA remedy. However, injunctive relief is unnecessary if he did, and state court is the jurisdiction to pursue this matter because no ADA issue is present at this time.

**3.    Additional Parties and Amended Pleadings**

<u>Plaintiff:</u>

Plaintiff does not believe he is likely to seek to add other parties. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

<u>Defendants:</u>

Defendants do not anticipate the addition of any more parties. Disclosure of plaintiff's alleged disability would be helpful to ascertain whether an inspection and it associated costs are necessary. Guidance of this Court on that issue would be helpful.

**4.    Contemplated Law And Motion Matters**

<u>Plaintiff:</u>

-8-

JOINT RULE 26(f) REPORT

Plaintiff plans on filing a motion for summary judgment once he has completed the necessary discovery.

Defendants:

Defendants believe at this time that no federal question is at issue.

**5.   Settlement and Settlement Procedure**

Plaintiff is ready and willing to engage in informal settlement discussions.

Plaintiff:

In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.

Defendants:

Defendants have initiated settlement negotiations commensurate with plaintiff's perceived damages and cost to date with respect to this case, only. Plaintiff's counsel has rejected the offer and counter-offered with an amount perceived to be not commensurate with plaintiff's alleged inconvenience and inflated attorney fees considering at the time negotiations were initiated, the complaint was cannibalized by the previous complaint in this case and the many others filed by plaintiff; cut and paste, if you will.

**6.   Discovery Plan**

The Parties proposes that discovery shall commence immediately upon the Parties' meet and confer efforts in accordance with FRCP 26(d).  The Parties assert that phasing of discovery is not necessary in this instance.

Plaintiff:

**JOINT RULE 26(f) REPORT**

Plaintiff intends on propounding written discovery.  Following written discovery, Plaintiff plans on deposing Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and Defendants' expert(s).

Plaintiff proposes the following schedule for discovery:

- Fact Discovery Cut-Off: June 4, 2020
- Last Day to Serve Initial Expert Reports:  May 4, 2020
- Last Day to Serve Rebuttal Expert Reports:  June 4, 2020
- Expert Discovery Cut-Off:  July 31, 2020

Defendants propose the following schedule for discovery:

Defendants believe discovery is wholly unnecessary and one expert can spend an hour at the facilities and see if there is an ADA and/or UCRA violation which this court has jurisdiction to order injunctive relief. Stipulations made in good faith by the parties can avoid discovery expenses. Defendants are willing to work with the plaintiff to choose an expert.

Otherwise, the discovery schedule is acceptable to defendants. Further, defendants believe that full disclosure by plaintiff of his disability and experience at the premises where he was allegedly damaged under ADA and UCRA jurisdiction by declaration would avoid unnecessary discovery expenses.

**7.    Trial Estimate**

Plaintiff requests a bench trial.  Plaintiff currently estimates that a trial of this action will require 4 days.

Defendants may agree to a court trial. However, that issue has not been discussed. Therefore, they respect the right to request a jury trial after discovery is completed.

Defendants are agreeable to stipulating to uncontroverted facts in order to shorten the time and expenses associated with trial.

**8.    Other Issues and Schedule**

None at this time.  The Parties reserve their right to raise and address any additional issues as they may arise.

Defendants would like the court to consider whether there is a federal question at the time for the hearing on this matter.

Plaintiff proposes the following pre-trial and trial schedule:

- Fact Discovery Cut-Off:  June 4, 2020
- Deadline for Motions to be Heard: July 31, 2020
- Final Pretrial Conference Date:  September 7, 2020
- Trial Date:  November 10, 2020

Respectfully submitted,

Dated:  November 20, 2019                    MANNING LAW, APC

By:  /s/ Joseph R. Manning, Jr.
    JOSPEPH R. MANNING, JR.
    CRAIG G. COTE
    OSMAN TAHER
    Attorneys for Plaintiff

Dated:  November 20, 2019                    SOUTH COAST LAW FIRM

By:  /s/ Stephen J. Mooney
    STEPHEN J. MOONEY
    Attorneys for Defendants

-11-

**JOINT RULE 26(f) REPORT**

## <u>Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 20, 2019          **MANNING LAW, APC**

By: _/s/ Joseph R. Manning Jr., Esq._
    Joseph R. Manning Jr., Esq.